UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHY J. QUILLEN,

    Plaintiff,

vs.                                            Case No. 8:04-cv-1242-T-MSS

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

## **ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying claims for disability, disability insurance benefits, and supplemental security income under the Act.

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

**I.      Background**

   A.      Procedural History

Plaintiff protectively filed applications for disability insurance benefits and disabled widow's insurance benefits on April 4, 2001. (T. 47-49, 225-27.) Plaintiff alleged an onset of disability on December 15, 1991. (T. 47, 73, 226.) Plaintiff's applications were denied initially and upon reconsideration. (T. 32, 38.) Plaintiff requested a hearing, which was held on February 4, 2002, before Administrative Law Judge Francis H. Ayer (hereinafter referred to as the "ALJ"). (T. 41, 280.) In a decision dated March 26, 2002, the ALJ denied Plaintiff's claims for benefits. (T. 12-20.) The Appeals Council denied review of the decision on March 26, 2004. (T. 3-6.) This action for judicial review ensued.

   B.      Medical History and Findings Summary

Plaintiff's medical history is set forth in the ALJ's decision. By way of summary, Plaintiff complained of endometriosis of the colon, a heart murmur, hypertension, diabetes, edema in the legs, and vision problems. Plaintiff alleged that she became disabled on December 15, 1991, and her insured Social Security Disability Insurance expired on December 31, 1996. Her widow's benefits expired on August 31, 1998. Thus, Plaintiff was attempting to establish that she met the disability requirements at some point after December 1991 and before her insured status expired in August 1998.

At the hearing, Plaintiff presented the ALJ with medical records from Plaintiff's

2

treating and examining physicians. After considering the evidence, the ALJ found that though at some point in time Plaintiff may have suffered from medically determinable endometriosis of the colon, non-insulin dependent diabetes, and hypertension, within the periods that she was insured under the Act, Plaintiff did not have an impairment or combination of impairments considered "severe" based on the requirements of 20 C.F.R. § 404.1520(b). (T. 19.) The ALJ further noted that even if Plaintiff's medically determinable impairments were "severe," they were not listed in or medically equivalent to an impairment listed in Appendix 1, Subpart P, Regulations No. 4. (T. 19).

The ALJ also found that Plaintiff's allegations of disabling impairments were not fully credible and Plaintiff had the residual functional capacity to perform at least medium to heavy exertional work activity. (T. 17). Based on this assessment, the ALJ determined Plaintiff would be capable of performing her past relevant work as a medical record clerk, office manager, and credit clerk, each of which is performed at the sedentary exertional level. (T.18-19). The ALJ therefore concluded Plaintiff was not disabled under the Act. (T. 18-19.)

For the reasons that follow, this Court AFFIRMS the decision of the Commissioner.

## II.     Standard of Review

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole.

42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law *de novo*. See Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard. McDaniel v. Bowen, 800 F.2d 1026, 1029-30 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. Jamison v. Bowen, 814 F.2d 585 (11th Cir. 1987).

Against this standard, Plaintiff challenges the ALJ's decision citing three points of error: (1) the ALJ failed adequately to consider whether Plaintiff suffered a severe impairment or impairments at the second step of the disability evaluation process; (2) the ALJ failed adequately to articulate reasons for discounting Plaintiff's credibility; and (3) the ALJ either failed to provide a complete transcript of Plaintiff's hearing or failed to evaluate the vocational evidence.

**III. Discussion**

    A.    Wether the ALJ Failed Adequately to Consider Whether Plaintiff Suffered a Severe Impairment or Impairments at Step Two of the Disability Evaluation Process

Plaintiff's primary assertion of error can be summarized as the ALJ's failure to find her to have severe impairments at step 2 of the sequential disability analysis before her insurance lapsed even though she herself provided no record evidence to support such a finding. In support of this position, Plaintiff contends variously that the ALJ should have recontacted her doctors and asked them to offer opinions about her condition in a period in which they did not treat her or that the ALJ should have employed various inapplicable Social Security regulations to infer an onset of disability to a period for which there are no medical records. (Pl. Brief at p.9.) Although well written and brilliantly crafted, Plaintiff's contentions are wholly without merit and ignore basic principles of Social Security jurisprudence.

First, Plaintiff, not the Commissioner, bears the burden of establishing through step 4 of the analysis that Plaintiff is disabled to the point that she cannot perform her past relevant work. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). Though called a determination of "severity," the threshold showing is quite low. To get through Step 2 of the analysis, Plaintiff bears a de minimus burden of showing that she has a severe impairment that prevents her from performing work activity. McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986).

Plaintiff all but concedes that no evidence existed in the record to satisfy this

5

de minimus threshold. Plaintiff produced only eleven pages of medical records during the relevant insured period. The medical records during this time establish that Plaintiff was being treated for a sexually transmitted disease and she had elevated blood sugars, which were both controlled by medicine. No doctor opined that Plaintiff had any impairments that limited her ability to perform work-related activities.

Plaintiff suggests that the reason for this dearth of medical evidence during the relevant period was her lack of financial resources. The ALJ rejected this explanation, concluding that since Plaintiff had sufficient resources to obtain treatment for her sexually transmitted disease, if she felt her other alleged conditions were significant, she could have obtained treatment for those as well. (T. 14). The ALJ reasoned that the more likely explanation for the absence of medical records was the absence of any impairment severe enough to warrant any medical interest within this five year period. (Id.) This finding is consistent with the evidence of record.

Having essentially conceded that evidence was lacking, Plaintiff attempts to shift to the Commissioner the burden of providing evidence of her claimed disability at step 2 of the sequential analysis. As stated, she suggests that the ALJ should have recontacted her doctors who treated her before and after her alleged onset date and her insured period. As the Commissioner notes, Plaintiff bears the burden of establishing her disability through step 4 of the process. See 20 C.F.R. §

404.1512(c). When a plaintiff is competently represented by counsel, the ALJ owes no special duty to obtain and present evidence when the record is sufficient to permit the ALJ to determine a plaintiff's capacity for work. Ellison v. Barnhardt, 355 F.3d 1272, 1275 (11th Cir. 2003); 20 C.F.R. 404.1512(e).

Plaintiff further suggests that the ALJ should have referred to the Continuing Disability Review Regulations and S.S.R. 83-20 in an attempt to infer an onset date based on evidence outside the relevant period. These suggestions also are unavailing. The only instance in which the two regulations are implicated is when a Plaintiff has been found to have an impairment that is disabling. In regard to the Continuing Disability Review, the agency is seeking to determine when the disability ceased after a finding that it began. In regard to S.S.R. 83-20, the agency is seeking to ascertain the onset date of a disability impairment found to exist.

In this case, Plaintiff provided no evidence to establish the existence of even a severe impairment during the relevant insured period. Having failed to meet this limited threshold, Plaintiff was not entitled to any tortured scrutiny under either regulation to attempt to determine an onset date.

B. Whether the ALJ Failed Adequately to Articulate Reasons for Discounting Plaintiff's Credibility

Plaintiff next contends the ALJ improperly rejected her subjective complaints of pain and symptomology. The Commissioner correctly responds that when a plaintiff attempts to establish a disability through subjective symptoms, she must

meet the first prong of the pain standard. There must be an underlying medical condition established by objective medical evidence confirming severity or from which severity can be inferred. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). The ALJ may reject a plaintiff's complaints if he or she articulates specific reasons for doing so. Allen v. Sullivan, 350 F.2d 1200, 1202-03 (11th Cir. 1989). Where, as here, Plaintiff cannot establish that she has an impairment for which pain or symptoms can be inferred, and the ALJ so notes, the pain analysis required by the Eleventh Circuit has been completed.[1]

    C.    Whether the ALJ Either Failed to Provide a Complete Transcript of Plaintiff's Hearing or Failed Adequately to Evaluate the Vocational Evidence

Finally, Plaintiff correctly notes the ALJ committed an error by referring to a vocational expert having been called to testify and having identified a number of jobs Plaintiff could perform. The Commissioner concedes no vocational expert was called in this case. No doubt this reference is a product of mass production and cut and paste opinion drafting. It is, however, of no consequence here. The referenced discussion occurred in the context of the ALJ's gratuitous consideration of Plaintiff's complaints through step 5 of the sequential analysis. The ALJ resolved the case at

---

[1] In this case, the ALJ gratuitously continued in the analysis through step five of the process, providing further support for discounting Plaintiff's complaints. (T. 18, 19 fn. 6). The Court declines to address the correctness of that hypothetical analysis because it was unnecessary once Plaintiff was deemed not to have a severe impairment during her insured period.

step 2, finding that the Plaintiff suffered no severe impairments during the relevant insured period. Thus, whether a vocational expert was called is not important and has no bearing on the outcome of the case. The reference is harmless error.

IV.   Conclusion

Accordingly, it is ordered that the Commissioner's decision is **AFFIRMED**. The Clerk is directed to enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in favor of Defendant and close this case.

**DONE AND ORDERED** in Tampa, Florida on this 27th day of September 2005.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties